Kira Dale (ISB No. 6571)
Ashton G. Ruff (ISB No. 12220)
**KIRTON MCCONKIE**
1100 W. Idaho St., Ste. 930
Boise, ID 83702
Telephone:  (208) 370-3325
Facsimile:  (208) 370-3324
kdale@kmclaw.com
aruff@kmclaw.com

Amir Tadjedin (OSB No. 055613) (*pro hac vice*)
Julie Engbloom (OSB No. 066988) (*pro hac vice*)
Vera Warren (OSB No. 194747) (*pro hac vice*)
**TADJEDIN THOMAS & ENGBLOOM LAW GROUP LLP**
1211 NW Glissan St., Ste. 203
Portland, OR 97209
Telephone: (503) 224-9294
Facsimile: (503) 229-0405
amirt@ttelawgroup.com
juliee@ttelawgroup.com
veraw@ttelawgroup.com

*Attorneys for Defendants Osaic Wealth, Inc.*
  *and Family Tree Financial LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| FIRST TECHNOLOGY FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>LPL FINANCIAL, LLC; OSAIC WEALTH, INC.; ALFRED "JACK" JACKSON; SAGE KENDALL; KRISTINA HERNANDEZ; FAMILY TREE FINANCIAL LLC; and JACKSON HOLDINGS, LLC,<br><br>Defendants. | Case No. 1:25-cv-00582-BLW<br><br><br>**DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 79]** |

*DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 79] - 1*

Defendants Osaic Wealth, Inc. ("Osaic") and Family Tree Financial, LLC ("Family Tree") (collectively referred to herein as the "Osaic Defendants") hereby submit their response to Plaintiff First Technology Federal Credit Union's ("First Tech") Notice of Supplemental Authority ("Notice of Supplemental Authority") [Dkt. 79]. First Tech offers the Court an unbinding, unreported decision from a different jurisdiction involving substantially different pleadings and a materially different record (the "Logix Order"). This purported "authority" is neither relevant nor significant and offers no meaningful guidance to the Court regarding the issues presented in the Osaic Defendants' Motion to Dismiss [Dkt. 59].

## LEGAL STANDARD

The District of Idaho Local Civil Rules permit a party to file and serve a notice of supplemental authority if "relevant and significant legal authorities come to a party's attention after the party's last brief has been filed, or after oral argument but before decision." Dist. Idaho Loc. Civ. R. 7.1(d)(2). Notice of supplemental authority should be filed only when counsel could not, without due diligence, have been aware of the additional authority at the time the brief was filed. *Id.*

"The purpose of a Notice of Supplemental Authority is to inform the Court of a newly decided case that is relevant to the dispute before it, not a venue for submission of additional argument or factual evidence." *Miesen v. Hawley Troxell Ennis & Hawley LLP*, No. 1:10-CV-00404-DCN, 2022 WL 1422942, at *11 (D. Idaho May 5, 2022) (citations omitted). "Where a notice of supplemental authority fails to do so, the notice may be stricken from the record." *Mills v. Union Pac. R.R. Co.*, No. 1:22-CV-00143-DCN, 2024 WL 185246, at *4 (D. Idaho Jan. 16, 2024).

*DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 79] - 2*

**ARGUMENT**

First Tech's Notice of Supplemental Authority should not be considered by the Court because it is not relevant or significant, and counsel has failed to show a legitimate excuse for not becoming aware of this additional authority when it filed its opposition brief in response to the Osaic Defendants' Motion to Dismiss [Dkt. 66].

**A.      The Logix Decision is Neither Relevant nor Significant to the Issues Raised in the Osaic Defendants' Motion to Dismiss.**

First Tech claims the Logix Order is "relevant and significant" because it (i) addresses a primary issue raised in the Osaic Defendants' and LPL Financial, LLC's Motion to Dismiss; (ii) involves Osaic; and (iii) rejects an argument that Osaic made in a separate matter. *See* Notice of Supplemental Authority at 1. However, a closer examination of the Logix Order reflects that it is neither relevant nor significant and offers no support for First Tech's position in this case. *Id.* at Ex. B.

First, the decision is not significant. It is an unreported and non-binding decision from the Central District of California.

Second, the decision is not relevant because it is specific to the pleadings in that case. In the Logix Order, the court held that that defendants' challenge to a credit union's asserted ownership in certain trade secrets raised a factual issue ***not resolved by the complaint*** and requiring consideration of extrinsic evidence. *See* Logix Order at 3. Further, the court did not resolve the issue; it deferred it.

The Logix Complaint (attached hereto as **Exhibit A**) confirms that the cases are materially distinct. Compared to the Logix Complaint, First Tech's Complaint alleges both too little and too much to survive dismissal.

*DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 79] - 3*

First Tech alleges ownership of trade secrets consisting of client lists and contact information for *investment clients* serviced by Raymond James. *See* Compl. [Dkt. 1] ¶¶ 15, 45, 53, 64. By contrast, Logix alleges ownership of trade secrets consisting of *credit union customers* who might be interested in becoming investment clients. Logix Compl. ¶¶ 10-12.

More specifically, Logix alleges that it expended significant efforts to derive "valuable information" from its credit union business, including: "the identity of customers willing to invest substantial sums of money, the identity of customers willing to allow others to manage their money, customer preferences, customer strategies and other information which cannot be gained through public sources." *Id.* ¶ 1. Logix further alleges that it uses this information to match its credit union customers with appropriate financial services provided by its partners. *Id.* at ¶¶ 10-11. Logix contends that this pending referral list constitutes a trade secret that it owns.

By contrast, First Tech claims an ownership interest in the names and contact information for investment clients who already opened investment accounts with Raymond James. *See, e.g.*, Compl. ¶ 64. First Tech does not allege that the Osaic Defendants, or anyone else, acquired any information relating to its credit union clients or credit union business.

In addition, the Logix Complaint does not include any attachments or exhibits and does not incorporate any extrinsic documents by reference. *See generally* Logix Compl. Accordingly, the Logix court declined to resolve the trade secret issue on the basis that the relevant materials were not before it. *See* Logix Order at 3.

Here, however, First Tech's Complaint includes hundreds of pages of exhibits and materials incorporated by reference. As the Osaic Defendants have explained, the Court may properly consider such materials, even on a motion to dismiss. *See United States v. Ritchie*, 342

*DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 79] - 4*

F.3d 903, 908 (9th Cir. 2003) (cleaned up) (holding the court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); *Craig H. v. Blue Cross* of Idaho, 732 F. Supp. 3d 1258, 1265 (D. Idaho 2024) ("The Court can only [consider extrinsic materials on a motion to dismiss], however, if the complaint specifically refers to the document and the document's authenticity is not questioned.").

This difference is dispositive. Unlike in Logix, the Court here is not limited to bare allegations. Rather, the governing agreements and incorporated materials were presented to the Court in First Tech's Complaint. *See, e.g.*, Compl., ¶¶ 22, 24, 45; Ex. 2 Financial Advisor Agreement [Dkt. 1-2]; Ex. 9 Non-Deposit Investment Product and Brokerage Service Networking Agreement [Dkt. 1-9]. Those materials show that the customer information at issue does not constitute a trade secret belonging to First Tech.

**B.      First Tech Fails to Show Why It Could Not Have Discovered the Additional Authority at the Time Its Brief Was Filed.**

First Tech asserts that it found the Logix Order "by Pacer search" and that it "could not, with due diligence have been aware of the Logix Order" earlier because it is unpublished and unavailable through counsel's Westlaw subscription. *See* Notice of Supplemental Authority at 2.

This explanation is unpersuasive. Counsel acknowledges that he found the decision through Pacer and does not suggest that access to Pacer was somehow limited when First Tech's opposition was filed nearly three months ago. There is no meaningful explanation for the delay. Instead, the Notice of Supplemental Authority functions as an improper additional sur-reply—effectively giving First Tech an unwarranted fourth opportunity to respond to the Osaic Defendants' Motion to Dismiss.

*DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 79] - 5*

**CONCLUSION**

First Tech made a deliberate choice in bringing this case and seeking injunctive relief. In doing so, it relied on the evidence attached to its Complaint to try to justify sweeping relief—including restricting investment clients from working with the broker of their choice. That same evidence shows that the alleged trade secrets cannot belong to a credit union. In sum, the Logix Order has no bearing on this case and cannot save First Tech's claims from dismissal.

DATED this 9th day of April, 2026.

**KIRTON MCCONKIE**

*/s/ Kira Dale*
Kira Dale


**TTE LAW GROUP LLP**

*/s/ Amir Tadjedin*
Amir Tadjedin
Julie Engbloom
Vera Warren

*Attorneys for Defendants Osaic Wealth, Inc. and Family Tree Financial LLC*

*DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 79] - 6*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April, 2026, I electronically filed the foregoing document through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Alexander Rudman Bunn**
  abunn@prosserlaw.com

- **Nicole C Hancock**
  nicole.hancock@stoel.com, gina.wyner@stoel.com, maren.armbrust@stoel.com, docketclerk@stoel.com, julie.deshaw@stoel.com, hillary.bibb@stoel.com, tracy.horan@stoel.com, emina.hasanovic@stoel.com, karissa.armbrust@stoel.com

- **Theodore E Harman**
  tharman@lawrencekaminlaw.com

- **Anne Henderson Haws**
  aehenderson@hollandhart.com, intaketeam@hollandhart.com, cmcarvalho@hollandhart.com

- **Kyle Daniel Johnson**
  kjohnson@prosserlaw.com, tberry@prosserlaw.com, abunn@prosserlaw.com, np@prosserlaw.com

- **Samuel P Mauch**
  smauch@saretsky.com, skopmar@saretsky.com, kfiema@saretsky.com, mhart@saretsky.com

- **Alexander P. McLaughlin**
  alexmclaughlin@givenspursley.com, stacywardein@givenspursley.com, tmh@givenspursley.com

- **Eric A Michaels**
  emichaels@saretsky.com, skopmar@saretsky.com, smauch@saretsky.com, kfiema@saretsky.com, mhart@saretsky.com

- **Bradley R. Prowant**
  bradley.prowant@stoel.com, docketclerk@stoel.com, christina.hartman@stoel.com

- **Robert Blaine White**
  rbw@givenspursley.com, kendrah@givenspursley.com, mhw@givenspursley.com

and any others as listed on the Court's ECF Notice.

 /s/ Kira Dale
Kira Dale

*DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 79] - 7*

4927-0372-8287.v1